Judith Jacklin BELUSHI, Plaintiff,

v.

Bob WOODWARD and Simon &
Schuster, Inc., Defendants.

Civ. A. No. 84–1628.

United States District Court,
District of Columbia.

June 4, 1984.

George M. Galloway, Stoel, Rives, Boley, Fraser & Wyse, Washington, D.C., for plaintiff.

Floyd Abrams, New York City, Cahill, Gordon & Reindel, Washington, D.C., Dean Ringel, Cahill, Gordon & Reindel, New York City, for defendants.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

Plaintiff brings this action pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101–810 (1982) to enjoin defendants from distributing for sale copies of the book, *Wired: The Short Life & Fast Times Of John Belushi,* authored by defendant Bob Woodward and published by defendant Simon & Schuster. Plaintiff claims that defendants infringed upon her copyright of

a photograph entitled "John and Nena," which appears as photograph number 28 in *Wired.* As approximately 145,000 copies of the book have been distributed to bookstores nationwide, plaintiff's request for injunctive relief pertains to the approximately 30,000 copies of the first printing that remain in the control of Simon & Schuster. The Copyright Act authorizes temporary and final injunctive relief in infringement actions. 17 U.S.C. § 502(a) (1982).

For temporary injunctive relief to issue, the Court must determine that plaintiff has satisfied the familiar four-fold test articulated in *Virginia Petroleum Jobbers Association v. Federal Power Commission* 259 F.2d 921, 925 (D.C.Cir.1958). *See Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.,* 559 F.2d 841, 843 (D.C.Cir.1977). For the purposes of the motion for a temporary restraining order, plaintiff has demonstrated the likelihood of success on the merits of her infringement claim. Plaintiff has obtained a Certificate of Registration of her copyright and has demonstrated that the copyrighted photograph was used in *Wired,* allegedly without authorization.

In copyright cases, if a probability of success—a prima facie case of infringement—is shown "the allegations of irreparable injury need not be very detailed, because such injury can normally be presumed when a copyright is infringed." *Wainwright Securities, Inc. v. Wall Street Transcript Corp.,* 558 F.2d 91, 94 (2d Cir. 1977), *cert. denied,* 434 U.S. 1014, 78 S.Ct. 730, 54 L.Ed.2d 759 (1978). *See Atari, Inc. v. North American Philips Consumer Electronics Corp.,* 672 F.2d 607, 620 (7th Cir.), *cert. denied,* 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 145 (1982). Even under such a diminished burden, plaintiff must demonstrate that equitable relief is warranted. If a legal remedy will adequately compensate for any infringement, then injury, if any, is not irreparable. The Court is not persuaded, however, by plaintiff's presentation that her injury is irreparable.

In addition, plaintiff must establish that defendants will not be unduly harmed by the issuance of relief. Defendants assert that if relief issues their carefully orchestrated and costly plans for selling and marketing the book will be disrupted, costing them a substantial amount in lost sales. Defendants emphasize that successful marketing of a book like *Wired* depends upon the coordination of advertising, serialization, author appearances, and reviews, and the release to the public of the book. When this hardship is balanced against the harm to plaintiff if relief is denied, the balance tips in favor of defendants. *See Mosely v. Follet,* 209 U.S.P.Q. 1109, 1114 (S.D.N.Y.1980); *McGraw Hill, Inc. v. Worth Publishers, Inc.,* 335 F.Supp. 415, 422 (S.D.N.Y.1971). Since plaintiff currently does not have a book on the market competing with *Wired* and since legal remedies may adequately address plaintiff's injury, the potential harm to defendants outweighs the potential harm to plaintiff.

The public interest clearly favors maintaining the integrity of the copyright laws. In this case, however, it appears that legal remedies would vindicate any rights that may have been impinged. Further, there is a competing public interest in this case: the promotion of free expression and robust debate. If this were a case in which relief would enjoin the distribution of an average commercial product, relief would not be so drastic. As stated by the Court in reversing the grant of a preliminary injunction against the distribution of a biography of Howard Hughes notwithstanding the inclusion of significant portions of three copyrighted articles:

A preliminary injunction is always a drastic remedy and the one seeking to invoke such stringent relief is obliged to establish a clear and compelling legal right thereto based upon undisputed facts. The normal reluctance to impose a summary restraint in advance of a full and complete trial is particularly acute in a case such as this which deals with the publication of a book. Before the court will intrude into an area fraught with

sensitivity in its possible impingement upon fundamental democratic and intellectual institutions, it will require a showing by the movant of a right, both legal and factual, in most unequivocal terms. *Rosemont Enterprises, Inc. v. Random House, Inc.*, 366 F.2d 303, 311, 23 A.L.R.3d 122 (2d Cir.1966), *cert. denied*, 385 U.S. 1009, 87 S.Ct. 714, 17 L.Ed.2d 546 (1967), *quoting Estate of Hemingway v. Random House, Inc.*, 49 Misc.2d 726, 268 N.Y.S.2d 531, 534 (Sup.Ct.1966). Thus, the Court finds that the public interest would not be furthered by granting relief.

Based on the foregoing, the Court must deny the motion of plaintiff for a temporary restraining order.